IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. _____

| | | |
|---|---|---|
| UNITED STATES ex rel.<br>JACKSONVILLE PAVING COMPANY,<br>INC.,<br>      Plaintiff,<br><br>vs.<br><br>TRITON SITE WORK DEVELOPMENT,<br>LLC, LIBERTY MUTUAL INSURANCE<br>COMPANY and GSC CONSTRUCTION,<br>INC.,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | COMPLAINT |

Plaintiff, Jacksonville Paving Company, Inc., by and through the undersigned counsel, for its Complaint against Defendants, Triton Site Work Development, LLC, Liberty Mutual Insurance Company and GSC Construction, Inc., states:

The Parties and Jurisdiction

1. Plaintiff, Jacksonville Paving Company, Inc. ("JPC"), is a corporation organized in the State of North Carolina and conducting business in Cumberland County, North Carolina.

2. Upon information and belief, Defendant Triton Site Work Development, LLC, ("Triton") is a North Carolina limited liability company, with its principal place of business in Raleigh, North Carolina. Triton was a subcontractor who had a subcontract with GSC Construction, Inc., on the construction project that is the subject of this action. This Court has jurisdiction over Triton.

3. Upon information and belief, Defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Payment Bond Surety") is a surety corporation incorporated in a state

other than North Carolina and is authorized to do and has done business in North Carolina and, therefore, Liberty Mutual is subject to the jurisdiction of this Court.

4. Upon information and belief, GSC Construction, Inc. ("GSC") is a corporation organized under the laws of Georgia, having a principal place of business in Augusta, Georgia and is authorized to do business in North Carolina. GSC was the general contractor on the construction project that is the subject of this action.

5. This Court has subject matter jurisdiction over this matter pursuant to the provisions of the Miller Act, 40 U.S.C. § 3131 (2002), et seq. and 28 U.S.C. § 1331. Venue in this Court is proper pursuant to 40 U.S.C. § 3133(b)(3)(B), since the Federal Government construction project that is the subject of this action is located in this District.

## Factual Background

6. This action involves work performed on a U.S. Government construction project known as the SOF Communications Training Facility, Ft. Bragg, North Carolina (the "Project").

7. Upon information and belief, on or about July 24, 2012, the U.S. Government, acting by and through the Department of the Army (hereinafter the "Government"), entered into Construction Contract No. W912HN-10-D-0049-0006, Project No. 60272 (hereinafter the "Prime Contract") with GSC for the construction of the Project. As required by the Prime Contract and the Miller Act, GSC, as principal, provided a labor and material payment bond (OMB9000-0045 #516266) dated July 25, 2012, that guaranteed payment for work performed and for labor, materials and services provided to the Project. Liberty Mutual is the surety ("Surety") on said labor and material payment bond.

8. Upon information and belief, Triton entered into a subcontract with GSC wherein Triton agreed to furnish and install the labor and materials for the Project, as required by GSC's Prime Contract with the Government.

9. On or about September 24, 2013, JPC and Triton entered into a subcontract (the "Subcontract"), whereby JPC would provide certain labor and materials to Triton for paving on this Project, a copy of which Subcontract is attached hereto as Exhibit A and which is incorporated by reference herein.

10. JPC has performed all work and provided all labor, materials and services required by its Subcontract on the Project and its work has been inspected and tested and accepted by the Government.

11. The last day JPC furnished labor or materials on the Project was on October 16, 2014.

12. By Proof of Claim dated December 17, 2014, a copy of which is attached hereto as Exhibit B and is incorporated by reference herein, JPC provided Liberty Mutual notice of its claim for unpaid work performed and unpaid labor, materials and services provided to the Project in the total principal amount of $113,794.20.

13. JPC provided GSC actual notice of its claim for unpaid work, labor, materials and services via certified mail on December 9, 2014, a copy of which notice and acknowledgment of receipt is attached collectively hereto as Exhibit C and which is incorporated by reference herein.

14. All conditions precedent for the filing of this action have been satisfied, waived and/or excused.

## FIRST CLAIM FOR RELIEF
### (40 U.S.C. § 3131 et seq. – Miller Act)

15. The allegations contained in Paragraphs 1 through 14 above are incorporated by reference as though fully set forth herein.

16. This is an action against Triton, Liberty Mutual and GSC, pursuant to the Miller Act, on the labor and material bond they provided for the Project.

17. The current principal amount due and owing to JPC by Triton for certain unpaid work performed and certain unpaid labor, materials and services provided to the Project totals $113,794.20.

18. To date, despite demand by JPC for payment of the amount due and owing, neither Triton nor Liberty Mutual has paid JPC the outstanding principal amount of $113,794.20 due and owing for certain unpaid labor, materials and services provided to the Project.

19. By reason of the failure and refusal of Triton and Liberty Mutual to pay JPC all outstanding balances justly due and owing, and in accordance with the provisions of the payment bond and 40 U.S.C. § 3131, et seq., Defendant Triton, Defendant GSC as principal, and Defendant Liberty Mutual, as surety, became indebted, jointly and severally, to JPC for the full sum of $113,794.20 plus interest at the legal rate from the date of breach of contract until paid and attorneys fees as the prevailing party under the terms of the Subcontract.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

20. Paragraphs 1-19 are hereby realleged and incorporated by reference herein.

21. Triton failed to pay and to pay timely JPC's invoices for payment for the work performed on the Project in breach of the Subcontract.

22. JPC has been damaged by Triton's breach of Subcontract in a principal amount in excess of $113,794.20 plus interest at the legal rate from the date of breach until paid and attorneys fees as the prevailing party under the terms of the Subcontract and Triton and Liberty Mutual are jointly and severally liable therefor.

## THIRD CLAIM FOR RELIEF
(In the Alternative – Quantum Meruit/Unjust Enrichment)

23. The allegations contained in Paragraphs 1 through 19 above are incorporated by reference as though fully set forth herein.

24. To the extent the Court finds there is not a Subcontract for all work performed by JPC for Triton, which is denied, this claim for relief, in the alternative, is against Triton and Liberty Mutual, under the doctrines of quantum meruit and/or unjust enrichment for the unpaid reasonable value of work performed and the unpaid reasonable value of labor, materials and services provided by JPC on the Project.

25. There exists an implied agreement requiring Triton and the Surety to make reasonable compensation for the unpaid value of work performed and the unpaid value of labor, materials and services provided by JPC on the Project which were accepted and received by Triton.

26. In performing work and in providing labor, materials and services on the Project, JPC conveyed a benefit to Triton, which Triton accepted, and for which Triton knew that JPC expected reasonable compensation.

27. The failure and refusal of Triton and the Payment Bond Surety to process payment to JPC for work performed and labor, materials and services provided on the Project by

JPC has deprived JPC of the benefit that JPC justifiably expected in exchange for the work performed and the labor, materials and services JPC provided to Triton on the Project.

28. In connection with the valuable work JPC performed and the valuable labor, materials and services which JPC provided to the Project, Triton and the Payment Bond Surety were under reasonable notice that JPC expected to be paid for the work performed and the labor, materials and services JPC provided to the Project.

29. By failing to pay JPC for the work performed and the labor, materials and services JPC provided on the Project, Triton was unjustly enriched at JPC's expense and principles of equity dictate that Triton and the Surety should make restitution for the reasonable value of unpaid work performed and unpaid labor, materials and services JPC provided to the Project.

30. The reasonable value of unpaid work performed and unpaid labor, materials and services JPC provided to the Project totals $113,794.20, plus interest at the legal rate from the date the work was completed until paid.

31. Under the doctrines of quantum meruit and unjust enrichment, Triton and Liberty Mutual, are jointly and severally liable for this reasonable value of unpaid work performed and unpaid labor, materials and services JPC provided to the Project and interest at the legal rate from the date the work was completed until paid.

## FOURTH CAUSE OF ACTION
### (N.C. Gen. Stat. Chapter 22C)

32. The allegations in paragraphs 1-31 above are hereby realleged and incorporated herein by reference.

33. During performance of the Subcontract, JPC submitted to Triton invoices (the "Invoices") for payment regarding the installation of asphalt on the Project, which are collectively attached hereto as Exhibit D.

34. Triton did not pay the Invoices in a timely manner and has still not paid the October 20, 2014 invoice, all in violation of N.C. Prompt Payment Act.

35. JPC is entitled to recover from Triton interest, penalties and other damages as provided by the N.C. Prompt Payment Act.

WHEREFORE, Plaintiff JPC prays that this Court:

1. Award JPC damages in an amount exceeding $113,794.20, plus interest at the legal rate from the date of breach of contract until paid and attorneys fees as the prevailing party under the terms of the Subcontract, jointly and severally against Defendants for violation of the Miller Act.

2. Award JPC damages in an amount exceeding $113,794.20, plus interest at the legal rate from the date of breach of contract, until paid and attorneys fees as the prevailing party under the terms of the Subcontract, against Defendants Triton and Liberty Mutual for breach of contract.

3. In the alternative, award damages in the amount of the reasonable value of work performed by JPC for Triton, which amount exceeds $113,794.20, plus interest at the legal rate from the final date of furnishing of labor/materials until paid, jointly and severally against Defendants Triton and Liberty Mutual under the doctrine of quantum meruit/unjust enrichment.

4. Award JPC judgment against Triton for the principal amount owed, interest, penalties and other damages provided by N.C. Gen. Stat. §§22C-1, et seq.

5. Tax the costs of this action against Defendants.

6. Award such other and further relief as it deems proper.

This the 21st day of May, 2015.

/s/H. Addison Winters
YARBOROUGH , WINTERS & NEVILLE, P.A.
115 East Russell Street
Fayetteville, NC 28301
(910) 433-4433 (Telephone)
(910) 433-2233 (Facsimile)
E-mail: adwinters@ywnlaw.com
N.C.S.B. No. 12706

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND          VERIFICATION

    I, Terry Norton, being first duly sworn, depose and say that I am the President of the corporate Plaintiff in the above entitled action; that I have read the foregoing Complaint and know the contents thereof; and that the same is true to my knowledge, except as to those matters and things stated on information and belief, and as to those matters, I believe them to be true.

                              JACKSONVILLE PAVING COMPANY, INC.

                              _____
                              Terry Norton, President

Sworn and subscribed before me
this the ___19th___ day of May, 2015.


__Waltraud B. Pollard__
NOTARY PUBLIC

__Waltraud B. Pollard__

My Commission Expires:
Nov. 2, 2019

